BOYCE F. MARTIN, JR., Circuit Judge,
dissenting.
DISSENT
Tabatha White was convicted of aiding and abetting[1] Leon Robins in the first-degree premeditated murder of Eugene *712 Simmons, and was sentenced to life in prison. However, the state offered no evidence that White knew Robins was even armed, much less that she intended to aid in or benefit from Simmons’s murder or even knew that Robins intended to kill Simmons. Instead, the state proved nothing more than that White was mad at Simmons and arrived at and fled the scene with Robins. Using these facts to infer that White knew of and was complicit in Robins’s plan to kill Simmons amounts to nothing more than speculation and is thus not constitutionally sufficient evidence to support the conviction. I believe that the district court properly granted White a writ of habeas corpus under these facts, so I respectfully dissent.
I.
I generally agree with the majority’s statement of the law regarding sufficiency of the evidence claims on habeas review of state convictions. To grant relief, we must find that no rational trier of fact could have found the elements of the crime to have been established beyond a reasonable doubt, resolving all reasonable conflicting inferences in favor of the jury’s guilty verdict and giving deference to the state court’s sufficiency analysis as long as it was reasonable. Jackson v. Virginia, 443 U.S. 307, 329, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brown v. Konteh, 567 F.3d 191, 205 (6th Cir.2009). However, I disagree with the majority’s application of this general legal rule to the facts of this case.
Tennessee’s aiding and abetting statute provides that:
A person is criminally responsible for an offense committed by the conduct of another, if:
(2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense;
Tenn.Code Ann. § 39-11-402(2). In this case, the reference “offense” is first-degree premeditated murder, so White must have intended to promote or assist Robins in murdering Simmons or must have intended to benefit from the proceeds or results of Robins’s premeditated murder of Simmons. This, of course, requires that White knew that Robins was going to try to murder Simmons before Robins fired the gun. The statute also requires an overt act by White in the form of soliciting, directing, aiding, or attempting to aid Robins in his murder of Simmons.
The facts show that: (1) White had given Simmons ten dollars to buy cocaine; (2) that she was mad because Simmons still had her money and had not procured the cocaine; (3) that White had been looking for Simmons; (4) that, upon learning of Simmons’s whereabouts, White, accompanied by Robins, approached Simmons and demanded to know “where her mother fucking money was”; and (5) that Robins shot Simmons immediately after these words left White’s mouth. There is no evidence that White had previously expressed a desire or intent to harm or kill Simmons and no direct evidence that White was even aware that Robins was armed.
In denying habeas relief on these facts, I believe that the majority loses sight of the statute’s repeated reference to the predicate offense: Robins’s premeditated murder of Simmons. These facts simply do not support the conclusion that White knew that Robins intended to kill Simmons or that White intended to benefit from Simmons’s death. One could infer from these facts that White and Robins shared a common intent to confront or threaten Simmons, but the statute requires that *713 both White and Robins have shared an intent to kill Simmons. Perhaps it would be reasonable to speculate from these facts that, as they approached Simmons, White and Robins were on the same page as far as his demise, but I do not find it reasonable to infer an element of the offense of aiding and abetting on the basis of mere speculation. Indeed, our cases repeatedly distinguish between speculation, which may be perfectly reasonable but nevertheless constitutionally insufficient to support a conviction, and constitutionally permissible inferences. See, e.g., Newman v. Metrish, 543 F.3d 793, 796 (6th Cir.2008) (stating, in a habeas case reviewing a state court conviction, that “[a]lthough circumstantial evidence alone can support a conviction, there are times that it amounts to only a reasonable speculation and not to sufficient evidence.”); Parker v. Renico, 506 F.3d 444, 452 (6th Cir.2007) (“While stringent, AEDPA’s standard is not insurmountable .... [W]e continue to distinguish reasonable speculation from sufficient evidence ... in establishing that the state court’s application of federal constitutional law as set forth in Jackson ... was objectively unreasonable.”).
Additionally, in seeking to find more cover for its decision to reverse the district court, the majority erroneously states that the “district court considered White’s case before Brown [v. Konteh, 567 F.3d 191 (6th Cir.2009)] dictated this two-layer deferential standard.” Supra at 710. While it is factually correct that the district court granted habeas relief before Brown was issued, it is incorrect to imply that this somehow makes any difference. Brown did not make any new law — that we must defer to both the verdict and to the state appellate court’s application of federal law in section 2254 sufficiency of the evidence claims is not a new concept. See Brown, 567 F.3d at 205 (citing cases from 1979 and 1993 and the plain text of section 2254(d)(2) for the proposition that we must apply two layers of deference); Neuman, 543 F.3d at 801 (Sutton, J., dissenting) (discussing a “double dose of deference” in sufficiency of the evidence eases). But in any event, a case that relies on speculation and assumption to establish the critical element of the offense is a bad case no matter how many layers of deference one piles on the analysis.
II.
In addition to the facts of this case requiring affirming the district court, I also believe that our precedents require that we grant habeas relief. In Brown v. Palmer, 441 F.3d 347 (6th Cir.2006), a section 2254 sufficiency of the evidence case, we found there to be insufficient evidence of aiding and abetting carjacking. There, (1) the assailant arrived at the scene in Brown’s car that Brown was driving; (2) Brown stared at the victims before and while the assailant was firing a gun, taking the victims’ car and driving it away; and (3) Brown tried to flee the scene himself. Id. at 349. In short, we found that allowing the inference that Brown intentionally assisted in the carjacking from the facts that Brown was present at the scene and had some acquaintance with the assailant “quite speculative.” Id. at 351. We therefore affirmed the district court’s grant of habeas relief.
In an unpublished decision, Hopson v. Foltz, 818 F.2d 866 (Table), 1987 U.S.App. Lexis 6596 (6th Cir. May 20, 1987),[2] we found insufficient evidence of aiding and abetting murder where the evidence showed: (1) that the petitioner and victim *714 had argued shortly before the shooting; (2) that the petitioner was present at the shooting; and (3) that the petitioner may have known that the assailant intended to harm the victim. Id. at *2. In light of this evidence, which is strikingly similar to the facts of this case, we stated that “animus towards the victim cannot be construed as providing encouragement to the principal.” Id. at *5.
I do not see how one can square our decisions to grant habeas relief in Palmer and Hopson with the decision to deny habeas relief in this case. If neither Palmer nor Hopson contained sufficient evidence to support an aiding and abetting conviction, then we should not treat this case any differently. Similar to Palmer and Hop-son, the evidence in this case shows that White was present at the scene, was acquainted with and arrived with the actual assailant, and was angry with the victim. However, there is neither direct evidence nor circumstantial evidence strong enough to support a reasonable inference that White knew or intended that Robins shoot Simmons or that White knowingly took any action in support or encouragement of Robins shooting Simmons.[3] Because this case is not materially distinguishable from our prior cases, I believe that we really have no other option than to affirm.
I respectfully dissent.

. Technically, White was convicted of violating section 39-11-402(2) of the Tennessee Code, which is titled "criminal responsibility for conduct of another.” This statute is the functional equivalent of an aiding and abetting statute. Because "aiding and abetting” is more familiar to readers and significantly less awkward than "criminal responsibility for conduct of another,” I refer to White's conviction as aiding and abetting.

. Although Hopson is a pre-AEDPA case, the Palmer opinion cites Hopson in support of its decision. Thus, Hopson’s analysis and precedential value is unaffected by the intervening passage of AEDPA.

. The majority attempts to distinguish this case from Palmer and Hopson in a footnote, so I respond in kind. I find the attempt unpersuasive. Of course there will be factual distinctions from case to case, but not all differences are material. I read Palmer and Hopson to be materially indistinguishable from this case in that all three seek to allow an inference of intent to aid and abet from what is best described as mere coincidence. Unfortunately, the only real difference in the three cases is that we rejected such weak evidence in Palmer and Hopson but accept it today.